IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN C. BOLAND, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-21-2579 |
| AMAZON.COM SALES, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This matter arises from claims by Plaintiff John C. Boland that Defendant Amazon.com Sales, Inc. has permitted the use of his intellectual property in an unusual, and allegedly fraudulent, scheme. Presently pending before the Court is Plaintiff's Motion to Expedite Discovery (ECF No. 18) and unopposed Motion for Leave to File an Amended Complaint (ECF No. 24). The Court has also received correspondence from Plaintiff seeking to extend any pending deadlines while the parties negotiate a potential settlement of this matter. (ECF No. 27.) For the following reasons, the Court shall DENY Plaintiff's Motion to Expedite Discovery (ECF No. 18), GRANT Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 24), and DENY without prejudice Plaintiff's correspondence to the extent that it seeks to extend the deadline for Defendant to respond to Plaintiff's Amended Complaint. (ECF No. 27.)

*I.    Background*

Plaintiff alleges that he is an author who has entered into a business relationship with Defendant to publish his books on its Kindle platform. (*See* Am. Compl. ¶ 1, ECF No. 24-1.) He further alleges that, despite contractual promises to protect his intellectual property, Defendant has

1

permitted third-parties to sell unauthorized versions of his books. (*Id.* ¶¶ 1, 3.) These unauthorized versions are "falsely described as being from the 17th, 18th, and 19th centuries" and are priced "as much as 100 times the prices available for legitimate editions lawfully published by the Plaintiff." (*Id.* ¶ 1.) Plaintiff alleges that Defendant facilitates, or at a minimum tolerates, these third-party sales because it benefits financially "by collecting listing fees and sales-related fees from the third-party sellers engaged in the fraudulent scheme." (*Id.* ¶ 2.) Plaintiff seeks both injunctive and monetary relief. (*Id.* at 6.)

## *II. Analysis*

As an initial matter, Plaintiff seeks leave to file an Amended Complaint (ECF No. 24)—a request that Defendant does not oppose. (ECF No. 25.) Given Defendant's acquiescence, Plaintiff will be granted to leave to file his Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2) (providing that a "party may amend its pleading [ ] with the opposing party's written consent"). Plaintiff's remaining two requests for relief will, however, be denied.

### *A. Motion to Expedite Discovery*

Plaintiff's first Motion seeks permission to engage in discovery prior to the conference mandated by Federal Rule of Civil Procedure 26(f). Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to expedite discovery, courts generally require the party seeking such discovery to demonstrate:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer is the expedited relief is granted.

2

*Dimension Data N.A., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005) (citation omitted). Plaintiff's Motion seeks to expedite discovery in two ways. First, he seeks "permission to submit immediately a MEMORANDUM OF EVIDENCE with exhibits that will establish the factual footings of Causes of Action 1 through 10." (ECF No. 18 at 1 (capitalization in original).) Second, he seeks "an instruction to Defendant to answer Interrogatories promulgated in the Baltimore Circuit Court that were due for response by October 13[, 2021.]" (*Id.* at 2.) More recently, however, Plaintiff submitted a letter to this Court requesting that the Court "extend any deadlines that may be approaching" in light of the parties' engagement in settlement discussions. (ECF No. 27.) Thus, it is unclear whether Plaintiff continues to seek expedited discovery. To the extent that Plaintiff's Motion to Expedite Discovery is not mooted by his more recent correspondence, it shall be denied on the merits.

Plaintiff's request to expedite Defendant's response to interrogatories fails to establish any of the four factors outlined in *Dimension Data*, 226 F.R.D. at 531. In seeking to expedite discovery, Plaintiff does not aver "irreparable injury." *Id.* Rather, he simply seeks to expedite judgment in his favor. (ECF No. 18 at 1 (seeking permission to file a memorandum of evidence in order to "establish the factual footing of Causes of Action 1 through 10").) Plaintiff does not explain how a moderately expedited judgment is necessary to avoid irreparable harm, which is "harm that could not be sufficiently compensated by money damages or avoided by a later decision on the merits." *MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*, 726 F. Supp. 2d 604, 634 (W.D. Va. 2010) (internal quotation marks and citation omitted). Absent such an explanation, the Court finds no reason to require Defendant to respond to Plaintiff's interrogatories ahead of the ordinary course of discovery.

While Plaintiff's request to file an evidentiary memorandum may not be barred by Federal Rule of Civil Procedure 26(d)(1), it will be denied as such a memorandum would not comply with this Court's Local Rules. Federal Rule of Civil Procedure 26(d)(1), by its plain language, only prevents a party from "*seek[ing]* discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1) (emphasis added). It does not appear, however, to foreclose Plaintiff's requested action, i.e., voluntarily producing documents he believes establishes the factual foundations of his case. (*See* ECF No. 18 at 1.) That said, discovery documents are generally not to be filed with the Court. *See* Local Rule 104.5 (D. Md. 2021).[1] Plaintiff provides no reason to depart from this general rule such as an argument that these documents, standing alone, would establish his entitlement to relief in this case. *See* Fed. R. Civ. P. 56(a) (emphasis added) (permitting a party to move for summary judgment if "there is no genuine dispute as to *any* material fact and the movant is entitled to judgment as a matter of law"). Indeed, Plaintiff's filings suggest that he needs additional discovery from Defendant (in the form of interrogatory responses) in order to establish his claims. (ECF No. 18 at 2.) Thus, while disclosure of these documents may facilitate the settlement discussions Plaintiff represents the parties are currently engaged in, the Court sees no reason why those documents need to be filed with the Court at this time. Accordingly, Plaintiff's request to do so will be denied.

### B. *Plaintiff's March 4th Letter*

On March 4, 2022, Plaintiff also submitted a letter to the Court informing it that "the parties in the captioned case have been engaged in settlement discussions since February 2, 2022." (ECF No. 27.) It also requests that the Court "extend any deadline that might be approaching." (*Id.*) At the time that this letter was received, there were no deadlines pending in this matter.

---

[1] The applicable Local Rules are available at: https://www.mdd.uscourts.gov/local-rules.

4

The Court's granting of Plaintiff's Motion to Amend will, of course, set a deadline by which Defendant must respond to the Amended Complaint. *See* Fed. R. Civ. P. 14(a)(3). Should Plaintiff wish to extend this deadline, however, he should first confer with Defendant's counsel and attempt to obtain their consent to such an extension. *See* Local Rule 105.9 ("Before filing a motion to postpone any proceeding or to extent the time for the filing of any document . . . counsel shall attempt to obtain the consent of other counsel."). For now, the Court will deny Plaintiff's request for an extension without prejudice and subject to reconsideration if Plaintiff again requests such an extension after consultation with Defendant's counsel.

### III. Conclusion

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's Motion to Submit an Evidentiary Memorandum and to Expedite Discovery (ECF No. 18) is DENIED;

2. Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 24) is GRANTED; and

3. Plaintiff's Correspondence (ECF No. 27) is DENIED without prejudice to the extent it seeks to extend the deadline by which Defendant must respond to the First Amended Complaint.

DATED this __8__ day of March, 2022.

BY THE COURT:

_____
James K. Bredar
Chief Judge

5